UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAWRENCE WATSON** | **CIVIL ACTION** |
| **VERSUS** | **No. 22-06** |
| **KIMBERLY REDMOND, ET AL.** | **SECTION I** |

### ORDER & REASONS

Before the Court is *pro se* plaintiff Lawrence Watson's ("Watson") motion[1] to vacate the Court's order[2] and judgment[3] dismissing without prejudice Watson's claims for failure to properly serve defendants. The Court construes the motion as requesting relief pursuant to Federal Rule of Civil Procedure 59(e). The Court denies the motion.

### I. BACKGROUND

Plaintiff attempted to sue the Southeast Louisiana Veterans Healthcare System and two of its officers, in their individual and official capacities, for alleged constitutional violations relating to Watson's medical expenses.[4] Despite repeated instructions to do so,[5] Watson never served defendants in accordance with Federal

---

[1] R. Doc. No. 23.
[2] R. Doc. No. 21.
[3] R. Doc. No. 22.
[4] *See generally* R. Doc. No. 4.
[5] R. Doc. No. 13 (order dated August 2, 2022, informing plaintiff that he had not complied with Rule 4 and ordering him to serve defendants properly by September 16, 2022); R. Doc. No. 18 (order and reasons dated September 14, 2022, denying Watson's motion for default judgment, in part because he had not served defendants pursuant to Rule 4(i), and ordering him to do so by October 14, 2022); R. Doc. No. 21

Rule of Civil Procedure 4(i), which sets forth the requirements for suing agencies and officers of the United States.[6] This Court therefore dismissed his claims, without prejudice, on November 9, 2022.

## II.    LAW & ANALYSIS

Federal Rule of Civil Procedure 59(e) allows a party to seek relief from a final judgment for "the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). In considering whether to alter or amend a final judgment pursuant to Rule 59(e), courts consider whether (1) there has been an intervening change in the controlling law; (2) the movant has presented newly discovered evidence; or (3) the judgment was based upon a manifest error of law or fact. *United States v. Garrett*, 15 F.4th 335, 340 n.5 (5th Cir. 2021). A party must file a Rule 59(e) motion "no later than 28 days after the entry of the judgment" it seeks to alter or amend. Fed. R. Civ. P. 59(e).[7]

Watson filed the instant motion within the 28-day timeline contemplated by Rule 59(e). Watson appears to assert that this Court's dismissal of his claims was

---

(order dated November 9, 2022, dismissing Watson's claims without prejudice, and noting that Watson had not complied with Rule 4(i)(1)(B)).
[6] R. Doc. No. 21.
[7] Similarly, Rule 60(b) allows a court, "on motion and just terms," to relieve a party from a final judgment, order, or proceeding in certain circumstances, including "mistake, inadvertence, surprise, or excusable neglect," newly discovered evidence, and "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Watson has not pointed to any circumstances justifying relief pursuant to that Rule.

2

based upon a manifest error of law or fact. *Garrett*, 15 F.4th at 340 n.5. He argues that he complied with Rule 4(i) and properly served defendants. He is incorrect.

The Court again draws Watson's attention to Rule 4(i)(1)(B), which requires that, to serve the United States, a plaintiff must send a copy of the summons and complaint "by registered or certified mail to the Attorney General of the United States at Washington, D.C." This is in addition to the requirement of Rule 4(i)(1)(A), which states that a party must deliver copies of these documents to the U.S. Attorney for the district where the action is brought. *E.g.*, *Goodwin v. Housing Auth. of New Orleans*, No. 11-1397, 2013 WL 3874907, at *13 (E.D. La. July 25, 2013) (Morgan, J.) (noting that Rule 4(i)(1) requires plaintiffs to send a copy of the summons and complaint "to the United States Attorney for the district where the action is brought *and* [send] a copy by registered or certified mail to the Attorney General of the United States in Washington, D.C." (emphasis added)); *accord McAfee v. U.S. Dep't of Veterans Affs.*, 19-4320, 2020 WL 1046111, at *1 (S.D. Tex. Mar. 4, 2020).

Compliance with the service requirements of Rule 4 is mandatory because, in the absence of proper service, the Court lacks personal jurisdiction over a defendant. *Goodwin*, 2013 WL 3874907, at *13. The Court recognizes that Watson is a *pro se* litigant. However, "the fact that the plaintiff is *pro se* does not excuse the failure to properly effect service of process." *Kennedy v. Postmaster Gen.*, No. 18-11, 2018 WL 5046677, at *3 (W.D. La. Oct. 17, 2018) (quotation and citation omitted). Moreover, before dismissing Watson's claims without prejudice, the Court provided him with

several opportunities to effect proper service.[8] See Fed. R. Civ. P. 4(i)(4)(B) ("the court must allow a party a reasonable time to cure its failure to . . . serve the United States[.]")

Watson asserts that the dismissal of his complaint violates his constitutional rights to petition the government, to equal protection, and to due process, as guaranteed by the First and Fourteenth Amendments. There is no support for the contention that requiring compliance with the Federal Rules of Civil Procedure violates any of those rights.

For the foregoing reasons,

**IT IS ORDERED** that the motion to vacate is **DENIED.**

New Orleans, Louisiana, December 13, 2022.

_____
LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[8] *See supra* n. 5.